This case comes to us from the Court of Civil Appeals of the Second Supreme Judicial District upon a certificate of dissent.
The opinion of the majority of the court makes the following *Page 15 
statement of the case and of the point upon which the judges failed to agree:
"This suit was brought by W.T. Waggoner against Ashby S. James, N. Henderson, J.A. Kemp, and M. and A.F. Dodson to recover a survey of 320 acres of land in Wichita County. The legal title to the land was in Waggoner, but because the jury, in response to special issues submitted to them, found in effect not only that he had estopped himself from asserting his title, but also that the defendants, in the order named, had successively purchased the land in good faith without notice of the unrecorded deed through which Waggoner deraigned title, judgment went against him. James, however, filed no answer and the court consequently gave Waggoner judgment against him.
"The Dodsons, who were the defendants in possession, besides pleading in defense of the action the general issue, sought a recovery over both on the warranty in the deed from Kemp to them and on the warranty in the deed from Henderson to Kemp, alleging the consideration for the Kemp warranty to be $1600 besides interest, and the consideration for the Henderson warranty to be $1400 besides interest.
"Kemp adopted the answer of the Dodsons, and in addition asked a recovery against Henderson on his warranty in the event of a recovery by the Dodsons against himself.
"Henderson, besides plea of not guilty in answer to the petition of Waggoner, and plea over on the Warranty of James, replied to the cross-action of Kemp with a general denial and the following special answer, which, however, as counsel for plaintiff in error insists, was not verified: `For further and special answer herein this defendant says that although he did, as alleged, execute to the said J.A. Kemp the said deed; but that the real transaction between the said Kemp and this defendant was that said Henderson was to purchase the said land for the said J.A. Kemp, and that this defendant had no other or further interest in said land other than to acquire the title thereto for the said Kemp, and to receive a portion of the net profits of said transaction as compensation for his services, and this defendant never in fact received any consideration for the execution of said conveyances, and of this he is ready to verify.'
"These were all the pleadings.
"In impaneling the jury, as shown by bill of exceptions, the defendants insisted that they were `entitled to twelve peremptory challenges, saying that there was contest between' them. This was denied by counsel for plaintiff, who protested against allowing them the number of challenges claimed. Over this protest the twelve peremptory challenges were thus allowed, as explained by the judge in approving the bill of exceptions: `I allowed Kemp and Dodson six peremptory challenges and defendant N. Henderson six.' To this action the first error is assigned, and the assignment, we think, must be sustained."
The dissenting opinion sets out the bill of exceptions which is as follows:
"Be it remembered that during the impaneling of the jury in the *Page 16 
above entitled cause, the defendants herein insisted that they would be entitled to twelve peremptory challenges, saying that there was contest between the defendants in this cause.
"Whereupon the attorney for the plaintiff in this behalf stated that there could be no contest between these defendants in this cause, because the only pleas they had filed in this behalf were pleas on the general warranty against these respective defendants, and that said pleas showed no contest in that respect, and thereupon the attorney of the plaintiff protested and excepted to the court's action in this behalf in allowing said defendant twelve peremptory challenges in this cause.
"And plaintiff insists that he was thereby specially injured in this measure; because these defendants resided principally in the town of Wichita Falls, and the jury on that account would be selected from the town and the influences brought against plaintiff would be prejudicial to his interest, and he thereby now tenders this bill of exception to the action of the court in this behalf, and in allowing these defendants twelve peremptory challenges, which they exercised, in selecting the jury in this cause.
"W.W. FLOOD, Atty. for Plff.
"I allowed Kemp and Dodson six peremptory challenges and defendant H. Henderson six, and with this explanation I approve the bill.
"A.H. CARRIGAN, Dist. Judge."
The question certified is, "Whether or not there was reversible error in allowing appellees twelve peremptory challenges as shown in majority and dissenting opinions?"
Article 3212 of our Revised Statutes provides, that "each party to a civil suit in the district court shall be allowed six peremptory challenges." The determination of the question certified depends upon the proper construction of this meager provision. The article was construed in the case of Jones v. Ford, 60 Tex. 127. In that case it was complained upon the appeal that the trial court erred in not allowing each defendant six peremptory challenges; and it was held in effect that since the interests of the defendants were not antagonistic to each other, they constituted but one party within the meaning of the statute, and that therefore they were entitled to six challenges only. In their opinion, the court say:
"While we do not undertake to decide that there may not be cases where the antagonism between coplaintiffs or codefendants may not be such as to entitle each to challenge peremptorily six jurors of the panel submitted to them, we do hold that this is not such a case. The interests of the defendants were so nearly identical as to make them in fact constitute but one party in the sense in which that term is used in our jury law; and we are not disposed to revise the discretion exercised by the court below in permitting them to challenge only six of the jurors placed upon the panel."
The rule there announced was followed in Hargrave v. Vaughn,82 Tex. 347. In that case the court, while intimating that a case may arise *Page 17 
in which two defendants may each be entitled to six peremptory challenges, expressly declined to say under what circumstances such a right may exist. In the case before us, one of the defendants impleaded his codefendant upon his warranty of title and prayed a judgment against him. His codefendant denied liability, on the ground that he had received no consideration for the land. Thus we have two cases — one suit by the plaintiff against all the defendants for the recovery of land, and another by a defendant warrantee against his warrantor, a codefendant, for a recovery upon the warranty. In the main case all the defendants were alike interested in defeating the action and it was to their interest to make common cause upon the trial. In the subsidiary case, that of the warrantee against the warrantor, the plaintiff had no interest, but there was an issue of fact made by the pleadings of two of the defendants as against each other, which in the event the plaintiff had recovered would have required a determination by the jury. If this latter action had been an independent one each party, the warrantee as plaintiff and the warrantor as defendant, would have been entitled to six peremptory challenges; and it is clear that that right was as important to each of them in the subsidiary action as it would have been in an original suit. They were parties to this suit, and though they had a common interest to defeat the main action, there was a separate controversy as between themselves; and in our opinion each should be deemed a separate party in the case, and not as two defendants interested solely in defeating the plaintiff's action and constituting but one party, within the meaning of the statute as construed by the decisions above recited.
We conclude therefore that there was no error in allowing the two defendants each six peremptory challenges.
This renders it unnecessary for us to decide whether in an exception to the action of the court in allowing or denying peremptory challenges the bill should show specifically that the excepting party had been prejudiced by the ruling. We will say, however, that it seems to us that our decisions sustain the affirmative of the question. Snow v. Starr, 75 Tex. 411.
We answer the question certified in the negative. *Page 18