HANNAY v. HARMON et al.

(Court of Civil Appeals of Texas. Galveston. April 29, 1911. Rehearing Denied May 25, 1911.)

1. APPEAL AND ERROR (§ 1032*)—RECORD—BILL OF EXCEPTIONS.

Where a bill of exceptions to the action of the trial court in allowing each defendant in an action of trespass to try title six peremptory challenges failed to show that the defendants challenged more than six jurors, and that some juror who was unchallenged by the plaintiff was taken off of the jury by such action, there is nothing to show that the plaintiff was injured, and the error, if error there was, cannot be availed of on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1032.*]

2. JURY (§ 136*)—CHALLENGES—NUMBER.

In an action of trespass to try title, where one of the defendants pleaded over against the other as his warrantor to the land, and the other pleaded a general denial, each were entitled to six challenges, though there was no real contest between them.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 612; Dec. Dig. § 136.*]

3. TRIAL (§ 251*)—ISSUES.

In an action of trespass to try title, where the plaintiff in no way raised the issue in his pleadings that the defendant's grantor was estopped from conveying the land to the defendant, and the only issue was whether defendant's grantor had executed a prior conveyance, it was proper not to submit an issue of estoppel of the defendant's grantor to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. HUSBAND AND WIFE (§ 198*)—WIFE'S ESTATE—EQUITABLE ESTOPPEL—GROUNDS.

A married woman held certain property as her separate estate, and refused to sign a conveyance to it prepared by her husband. The conveyance was then executed by the husband alone; certain land being given in exchange. In company with her husband, she resided upon that land and acquired a homestead, and later joined her husband in conveying it to another person. The conveyance of the exchanged land had been to the community estate. There was no evidence of fraud or concealment on her part, or that her separate estate had in any wise benefited by the transfer. Held, that she was not estopped from claiming her separate estate because she joined in the conveyance of the community estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 733; Dec. Dig. § 198.*]

5. TRESPASS TO TRY TITLE (§ 45*)—ACTIONS—INSTRUCTIONS.

In an action of trespass to try title, where the plaintiff claimed that the defendant's grantor had executed a previous deed under which he had title to the land, and there was evidence that the defendant had not acted fairly with his grantor, who was his aunt, there being some difference in the testimony of the two as to the nature of this transaction, a charge that in determining this case argument as to whether or not the defendant's trade with his grantor was a fair one should be disregarded in no wise prejudiced the rights of the plaintiff, or deprived him of the right to any benefit he might secure in showing the discrepancies in the statements of the defendant and his grantor.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 67; Dec. Dig. § 45.*]

6. APPEAL AND ERROR (§ 1002*)—REVIEW—FINDINGS—CREDIBILITY OF WITNESSES.

In an action of trespass to try title, though there was strong evidence to show that the defendant's grantor had previously conveyed her interest, where she testified that she had not so conveyed her interest, and the jury found in accordance with her testimony, that finding cannot be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Liberty County; L. B. Hightower, Judge.

Action by D. M. Hannay against W. M. Harmon and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Stevens & Pickett, for appellant. H. E. Marshall, for appellees.

REESE, J. This is an action in trespass to try title by D. M. Hannay against W. M. Harmon and C. P. Myer to recover a tract of 525½ acres of land out of the Burton Tarkington league, in Liberty county. The petition also embraced a bill of review to review and set aside a former judgment of the district court of Liberty county in favor of Harmon against plaintiff for the land, in a case in which plaintiff had been cited by publication. Plaintiff pleaded his title as follows: That the land is a part of the Burton Tarkington league, which was partitioned among the heirs of said Tarkington, the tract in controversy being allotted to Mrs. Elizabeth Stephenson, wife of Uriah P. Stephenson, and that said Elizabeth and her husband, U. P. Stephenson, conveyed it to Fannie E. Andrews on or about July 19, 1866, and that title passed regularly by mesne conveyances from said Andrews to plaintiff. Defendant Harmon pleaded not guilty, set up title by deed from Mrs. Stephenson, and specially denied the execution of the deed from her to Mrs. Andrews. Myer claimed title to 200 acres by deed, with general warranty from Harmon, and pleaded over against his warrantor for the amount of the purchase money paid by him. To Myer's claim against him Harmon pleaded general denial. The case was tried with the assistance of a jury, and, at the request of plaintiff, the single issue was submitted whether Mrs. Stephenson executed the deed to Mrs. Andrews to the land in controversy, set out in plaintiff's petition. Plaintiff relied upon circumstantial evidence to establish the execution of this deed, under the familiar doctrine of presumption; the deed having been lost, and there being no direct evidence of its execution. In its charge, in connection with the question propounded to the jury, the court instructed them fully as to the law upon the subject of presumption of the execution of a deed. The jury found that such deed had not been executed, upon which judgment was rendered for defendants, from which plaintiff appeals.

The only disputed issue of fact is that involved in the court's charge; that is, whether Mrs. Stephenson executed the deed to Mrs. Andrews set out in plaintiff's petition. Upon this issue we conclude that the evidence is sufficient to support the negative finding of the jury, and hence we conclude that she did not execute this deed.

The first assignment of error is that the court erred in permitting the defendants Harmon and Myer to exercise six peremptory challenges each in striking the jury.

[1] The bill of exception shows that, when all the parties were about to retire to exercise their peremptory challenges in the selection of a jury, plaintiff requested the court to allow the defendants only six peremptory challenges, which was refused, the court ruling that they were entitled to six challenges each, to which action of the court plaintiff took a bill of exceptions. It is not shown that defendants, appellees here, exercised this right; that they challenged peremptorily more than six of the jurors, or that they, in fact, challenged any juror. If we should hold that the ruling was abstractly wrong, we cannot say that appellant sustained any prejudice thereby. The bill of exceptions should have shown, if it be a fact, that appellees challenged more than six jurors, and, further, that by reason thereof some juror who was unchallenged by appellant was taken off of the jury by such action. In the absence of anything tending to show that appellant was prejudiced as to any right he had in the selection of the jury, the error, if there was error in the abstract, in the ruling cannot be availed of on appeal. Waggoner v. Dodson, 96 Tex. 17, 68 S. W. 813, 69 S. W. 993, citing on this point Snow v. Starr, 75 Tex. 411, 12 S. W. 673.

[2] In addition to this, however, while there may not have been any real contest between Harmon and Myer on the issue of Harmon's liability on the warranty, Harmon in his answer to Myer's plea against him pleaded the general issue, and we are inclined to think that this entitled them to six challenges each. Waggoner v. Dodson, supra. The assignment must be overruled.

[3] By his second assignment of error, appellant assails the verdict and judgment on the ground that under the undisputed evidence Mrs. Stephenson and those claiming under her were estopped to assert title to the land, because the undisputed proof showed that the land in question was traded by her and her husband in exchange for other land in Chambers county, which they accepted in such exchange, and afterwards enjoyed the fruits thereof by using and living upon the same, and for a valuable consideration selling the same to James T. White by deed duly executed and acknowledged by husband and wife, and the consideration of such sale was retained and expended for their own use and benefit. We think it is sufficient answer to this assignment that no issue of estoppel was presented by the pleadings. Appellant in his petition relied upon the actual execution by Mrs. Stephenson to Mrs. Andrews of the deed to the land in controversy, which was her separate estate, having been acquired by inheritance from her father. This was the only issue submitted to the jury, which was done, as shown by the judgment, at appellant's request. The petition sets out plaintiff's title, containing no hint of estoppel. Scarborough v. Alcorn, 74 Tex. 360, 12 S. W. 72; Mayers v. Paxton, 78 Tex. 199, 14 S. W.

568; Joyner v. Johnson, 84 Tex. 467, 19 S. W. 522; Shields v. Hunt, 45 Tex. 426; Custard v. Musgrove, 47 Tex. 218; Railway Co. v. Whitaker, 68 Tex. 633, 5 S. W. 448.

[4] If, however, the issue was so presented, the assignment cannot be sustained. Mrs. Stephenson denied most positively that she ever signed the deed to Mrs. Andrews. She testified that her husband requested her to sign such a deed, but that she positively refused. Her testimony is clear and unmistakable on this point, and upon this issue the only question was whether it was true, in the face of the evidence introduced by appellant tending to show by circumstances that Mrs. Stephenson did execute such a deed. The jury found, we think upon sufficient evidence, that she had not signed the deed. The evidence, so far as it is undisputed, further tends to show, and that is all that it does tend to show in support of the plea of estoppel, that, in consideration of this deed executed by the husband alone, Mrs. Andrews and her husband conveyed to Uriah P. Stephenson and his wife, Elizabeth Stephenson, a tract of land, known as the Lake land, in Chambers county, that Stephenson and wife afterwards lived upon this tract, making it their homestead, and that U. P. Stephenson and his wife, Elizabeth, afterwards executed a deed to J. T. White for this Lake land tract, and that the purchase money was used "for different things which I cannot now remember," as testified by Mrs. Stephenson. There was no evidence of fraud, misrepresentation, or concealment on the part of Mrs. Stephenson. The deed to the Lake land property conveyed it to the community estate, and not to her in her separate right. No part of the consideration is shown to have inured to the benefit of her separate estate. The deed to the Lake land property in Chambers county was executed in consideration of the husband's deed to the land in controversy. The fact that Mrs. Stephenson joined in the deed of this land to White does not tend to show that the land was her separate estate. In the first place, the deed was to the husband and wife, and, in the second place, it was or had been their homestead. Either fact would explain why the purchaser required the wife to join. The deed to the Chambers county land is an ordinary community property deed to "Uriah P. Stephenson and Elizabeth Stephenson, his wife." There is nothing in these facts, nor in any of the evidence that would estop Mrs. Stephenson or those claiming under her. McLaren v. Jones, 89 Tex. 131, 33 S. W. 849; Daniel v. Mason, 90 Tex. 240, 38 S. W. 161, 59 Am. St. Rep. 815; Cauble v. Worsham, 96 Tex. 93, 70 S. W. 737, 97 Am. St. Rep. 871; Stone v. Sledge, 87 Tex. 52, 26 S. W. 1068, 47 Am. St. Rep. 65. The assignment is overruled.

[5] The court gave the jury the following charge at the request of appellee: "You are instructed that it is immaterial in the case whether or not the defendant Harmon's trade with Elizabeth Stephenson may be regarded by you as a fair trade, and in determining the issue whether or not Mrs. Stephenson, joined by her husband, executed a deed to Fannie E. Andrews and Wright S. Andrews, or either of them, to the land in controversy, you will disregard all argument of counsel bearing upon the good faith or bad faith of the defendant Harmon, or his honesty or dishonesty with respect to the trade between him and Mrs. Stephenson." By the third assignment of error appellant complains of the giving of this charge. Some evidence had been introduced with regard to the character of the transaction whereby Harmon acquired from Mrs. Stephenson, who was his aunt, the deed to this land, and tending possibly to create the impression that he had not acted fairly with her in the transaction. It is entirely clear that this had nothing to do with the determination of the only issue submitted to the jury. We must assume that in the course of the argument this matter was sought to be used to influence the jury. The effect of the charge was simply to eliminate this entirely extraneous matter from consideration by the jury, and to confine them to the sole issue submitted to them. This was, we think, entirely proper. Such charge did not in the least tend to influence the jury in the consideration of any evidence material to the issue. There was some difference in the testimony of Harmon and Mrs. Stephenson as to the exact nature of this transaction, and appellant contends that by this charge they were deprived of the benefit of this discrepancy upon the issue of the truth or falsity of Mrs. Stephenson's testimony as to the execution of the deed by her to Andrews, or to show that her memory was at fault as to this. We cannot see that the charge tends, in the least degree, to have this effect, or that it could have been so understood by the jury. There is no merit in the assignment and it is overruled.

[6] The fourth assignment of error assails the verdict and judgment as being contrary to the evidence. Unquestionably the evidence was sufficient to establish the execution of this lost deed by circumstances. The evidence on this point was very strong, if it stood alone, but it is opposed by the positive testimony of Mrs. Stephenson that she did not execute such deed, that she never saw it, that her husband tried to get her to sign it, and she refused. The presumption that she did sign it, arising upon the evidence upon that point, was a presumption of fact. It was peculiarly an issue of fact, to be decided by the jury, whether she did execute the deed or not. It would be an unwarranted usurpation of the functions of the jury for this court to say that the testimony of Mrs. Stephenson was not true, especially since the

verdict comes to us with the approval of the learned trial judge.

We find no error in the record, and the judgment is affirmed.

Affirmed.