**RALSTON et al. v. TOOMEY et al.**

No. 6178.

Court of Civil Appeals of Texas. Amarillo.
Oct. 29, 1951.

Rehearing Denied Dec. 3, 1951.

Sanders, Scott, Saunders & Smith, Amarillo, Frank Tatum, Dalhart, for appellants.

Morgan, Culton, Morgan, Britain & White and Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

LUMPKIN, Justice.

This suit resulted from a highway accident in which an automobile and a truck collided. The appellants, R. H. Ralston and Virgil Wilbanks, were in the automobile. The appellee Floyd Crume was the driver of the truck. The second appellee Everett Toomey, owner of the truck, was not involved in the accident. A trial to a jury resulted in a judgment in favor of the appellees and against the appellants. Toomey was awarded the sum of $850 and Crume was granted $36. From this judgment the appellants have perfected their appeal to this court.

It appears that originally, in Cause 1218, the appellants sued the truck owner for

damages and personal injuries resulting from the wreck but never at any time did they sue the truck driver, Crume. Later, in Cause No. 1220, both appellees sued the appellants for damages done the truck and for personal injuries sustained by Crume. This suit was filed by attorney L. A. White, who represented both of the appellees. Thereafter, the appellee Toomey alone filed an amended answer in Cause 1218, in which he alleged a cross action against the appellants. Toomey's answer, which was signed by White as his attorney, contained a third party complaint against the truck driver, the appellee Crume. Crume's answer, which contained a cross action against the appellants, Ralston and Wilbanks, was filed by attorney Tom Morris. For the purpose of the trial, the court consolidated the two causes.

The appellants' first complaint is directed to the action of the trial court in granting to each of the appellees six peremptory challenges.

Rule 233, Texas Rules of Civil Procedure, which is Article 2148 unchanged, provides that each party to a civil suit in a district court shall be allowed six peremptory challenges. It is only when there is a diversity of interest between the co-parties that they are allowed separate sets of challenges. This court stated the rule in Lofland v. Jackson, 237 S.W.2d 785, 792:

"The rule is well established that more than one defendant having identical interests and a common defense in a suit constitute but one party. If there is no suggestion of antagonism of interests between defendants found in the pleadings and no adverse issues pleaded by them, they constitute one party and are entitled to only six peremptory challenges to the jury panel in the district court. But the rule is different if the pleadings show that one defendant has asked for judgment over against another defendant. The question then to be determined is whether or not there is a conflict of interest between the defendants. In the case of Gussett v. Nueces County, 235 S.W. 857, 861, the Commission of Appeals lays down the following rule: 'It is well settled in Texas

that each party to a civil suit in a district court shall be entitled to six peremptory challenges, and parties defendant asking judgment over against each other are within the rule. * * *'

"The rule applies where any of the interests of codefendants are antagonistic and in such event each defendant constitutes a separate party to the suit and is entitled to his statutory number of jury challenges."

In this case a controversy existed between the appellees Toomey and Crume. Toomey in his third party complaint against his truck driver, Crume, alleged that the negligent acts of Crume, if any, were "a breach or violation of a duty owed to" Toomey. He prayed for full indemnity against Crume for any amount which should be adjudged against him, or, in the alternative, he prayed that he be awarded contribution from the third party defendant for any amount which should be granted the appellants as a result of their suit against him. Thus there was an antagonism of interests between the appellees, since Toomey would be liable to the appellants if it were proved that Crume was guilty of negligence. In that event, if it should also be proved that Crume was guilty of a breach of duty toward Toomey, Crume would be liable to Toomey. Even though Toomey and Crume had a common interest to defeat the main action in which Toomey was being sued by appellants, there was a separate controversy between Crume and Toomey. Certainly their interests were not identical. Because the appellants failed to prove their claim, the suit between Toomey and Crume proceeded no further than the pleadings. Under the pleadings, the jury could have been required to determine material issues between them. Waggoner v. Dodson, 96 Tex. 6, 68 S.W. 813; Kincaid v. Chicago, R. I. & G. Ry. Co., Tex.Civ.App., 119 S.W.2d 1084, err. dism.; Edwards v. West Texas Hospital, Tex.Civ.App., 107 S.W.2d 729, err. dism.; Hannay v. Harmon, Tex.Civ. App., 137 S.W. 406; 11 Texas Law Review 373.

But the appellants insist that the antagonism alleged to exist between the appellees

was fictitious and was created but for two purposes: first, to secure 12 peremptory challenges; and, second, to "secure the benefit of a front in which Toomey appeared to be asking a judgment over against Crume." As we have seen, the original suit was filed by the appellants against Toomey, and Crume was not a party to the suit. Shortly thereafter the appellees, Toomey and Crume, came to attorney White and authorized him to file a suit against the appellants. The suit was filed and docketed as Cause No. 1220. Some time later White informed Crume that he would be disqualified to represent him and recommended another attorney for Crume. In his testimony Crume did not recall whether White had told him why he was disqualified to represent him, but he did say that he had instructed White to get some one who was honest and competent to represent him. Thereafter, Toomey, through Mr. White, filed a third party complaint against Crume in Cause No. 1218. Mr. Morris filed an answer as well as a cross action for Crume against Wilbanks and Ralston for personal injuries sustained in the collision. Mr. Morris testified that he had no contract of employment with any one. He said that in the event of a recovery by Crume, he expected a contingent fee out of the recovery, but in the event there was no recovery, he would look for his fee to the company carrying the insurance on the truck and its operator.

■ We see nothing in this arrangement which would have lessened the diversity of interest or the sincere antagonism which would have existed between the appellees in the event of recovery by the appellants. There existed both in the pleadings and in the circumstances of the collision a jury issue of potentially serious significance between Toomey and Crume. We have no reason to believe that Toomey would not have attempted to collect a judgment if he had obtained one against Crume. In our opinion each of the appellees was entitled to six peremptory challenges.

The appellants next contention is also directed to the trial court's action in allowing the additional peremptory challenges. In their bill of exception No. 2 they purport to show that they were injured by this action of the court, and they contend that the court erred in not considering this evidence in passing upon appellants' motion for a new trial.

■ As a rule a judgment will not be reversed for a trial court's error in allowing or refusing additional peremptory challenges unless the complaining party shows that he has suffered material injury by the court's action. He must show that an objectionable juror sat on the case as a result of the court's action. Snow v. Starr, 75 Tex. 411, 12 S.W. 673; Missouri, Pac. Ry. Co. v. Check, Tex.Civ.App., 159 S.W. 427, err. ref.; Wolf v. Perryman, 82 Tex. 112, 17 S.W. 772; Yellow Pine Paper Mill Co. v. Lyons, Tex.Civ.App., 159 S.W. 909; 26 Tex.Jur. 670, et seq.

Although the appellants' motion for a new trial was timely filed, it made no reference to any prejudice or harm alleged to have been suffered by the appellants as a result of the court's action in granting the additional challenges. Nor did it contend that the appellants were deprived of or forced to take any particular person as a juror. The same is true of the appellants' bill of exception No. 1: it does not contain a suggestion of prejudice nor does it imply that any member of the jury was not entirely satisfactory to the appellants. It is in their bill of exception No. 2 that the appellants attempt to show injury. By the testimony of their counsel they insist they were injured by the court's action in allowing the six additional challenges. They say that because of the challenges granted the appellees they were deprived of the jurors they wanted and were forced to take men who were "rabid prohibitionists" and who were therefore prejudiced against any one known to drink intoxicants. The appellants' bill of exception No. 2 was filed more than twenty days after the original motion for a new trial was filed. The appellee Toomey objected to the trial court considering the bill of exceptions in passing upon the motion for a new trial, and he moved that it be stricken. The court sustained the mo-

tion. The appellants contend the court erred when it failed to consider on the motion for a new trial the evidence of injury contained in their bill of exceptions No. 2.

As we have seen the appellants' motion for a new trial was filed within the time prescribed by the rules. Under Rule 330(k), Texas Rules of Civil Procedure, an amended motion for a new trial must be filed within twenty days of the time the original motion was filed. This rule is mandatory. Erwin v. Welborn, Tex.Civ. App., 207 S.W.2d 124, writ ref. n. r. e., and the cases there cited. Because more than twenty days had passed after the filing of the motion, the appellants have done indirectly what they could not do directly: i. e., they have set up in a bill of exceptions the injury they are alleged to have suffered because of the court's action in allowing the additional peremptory challenges. Since under Rule 320(c) a court shall not consider a ground of error not specified in a motion for a new trial and since no injury is urged in the motion, the trial court, in our opinion, did not err in refusing to consider the evidence of prejudice given after their motion for a new trial could have been amended.

But, be that as it may, we doubt if the appellants suffered the alleged injury as a result of the six additional peremptory challenges.

The evidence reveals that following the accident a bottle with a small amount of whisky was found in the car in which the appellants had been riding. There was also evidence that they were under the influence of intoxicants. Each appellant denied that he had been drinking. The burden of the appellants' complaint, as found in their bill of exception No. 2, is that by reason of the trial court's granting the appellees an additional six challenges, they were forced to take on the jury two "rabid prohibitionists"—men who they believed would not give them a fair trial and that they were deprived of six men who in their opinion were not radical on the liquor question and would have given them a fair trial. A "rabid prohibitionist" is presumably a person who is so violently opposed to the use of intoxicating liquors that it would be impossible for him to weigh impassionately the evidence should he be chosen on a jury trying a case where one of the parties had been drinking, or, at least, had liquor in his automobile. But if any "rabid prohibitionists" were members of this jury, they did not make themselves known by the verdict. In answer to a special issue, the jury found that the appellant Ralston, the driver of the automobile, was not under the influence of intoxicating beverages at the time of the collision.

In our opinion the appellants have failed to show wherein they suffered any injury by reason of the court's action. No juror stated that he was prejudiced against the appellants; none testified that he was so blinded by the liquor question that he was not able to give the appellants a fair trial. The appellants have not complained that the jury's verdict was not supported by the evidence. For these reasons, we overrule the appellants' points of error, and we affirm the judgment of the trial court.