**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Charles SHROPSHIRE, Appellee.**

**No. 7274.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 31, 1961.

Rehearing Denied Feb. 21, 1961.

Ramey, Brelsford, Hull & Flock, Tyler, Ramey & Ramey, Sulphur Springs, for appellant.

Howard Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellee.

**PER CURIAM.**

Appellant insurance company has appealed from a lump sum total permanent disability judgment (less $1,890 previously paid, being 54 weeks of compensation at $35 per week) rendered against it in favor of appellee in a workmen's compensation insurance case tried before a jury.

Appellant's first and second points are as follows: "1. The trial court erred in overruling Appellant's Motion for Mistrial based upon Appellee's conduct in removing from the jury panel by a witness subpoena, Joe Whitworth, an otherwise qualified prospective juror, since it was established that Whitworth was at no time in fact a witness in the case, and such conduct, in effect, gave Appellee more challenges than is permitted by law and thus deprived Appellant of a fair trial. 2. The trial court erred in overruling Appellant's Motion for Mistrial based upon Appellee's conduct in removing from the jury panel by subpoena Joe Whitworth, since it is against the policy of the law to permit a litigant to remove a jury panel member objectionable to him by a witness subpoena when it is established that the panel member is not in fact a witness in the case." Appellee counters these points with his first counter-point as follows: "The trial court did not err in excusing prospective juror Whitworth on his own motion but in any event appellant shows no harm to itself if the action was erroneous."

Whitworth had been summoned on January 20, or 21, 1960, as a prospective juror, with 39 other prospective jurors. On January 23, 1960 appellee's counsel subpoenaed Whitworth as a witness for plaintiff. On January 25, 1960, the trial court in qualifying the 40 jury panel members as prospective jurors, was advised by Whitworth that he had been subpoenaed as a witness for plaintiff, whereupon the trial court on his own motion excused Whitworth from the panel, at which time neither appellant nor appellee excepted to the action of the trial court. On January 28,

1960, the case proceeded to trial. A jury was selected out of the first 24 prospective jurors drawn from the jury panel, with each side exercising its six peremptory challenges or strikes, and without either party making any cross-strikes. Whitworth was not called as a witness for plaintiff. At the close of all the evidence defendant-appellant filed its motion for mistrial, alleging as grounds therefor that plaintiff by use of subpoena had effectively removed Whitworth from the jury panel who defendant alleged was objectionable to plaintiff, and by such procedure had obtained an unfair advantage in that he in effect had obtained seven peremptory challenges as compared to only six such challenges available to defendant, and that appellant was denied a fair opportunity of selecting Whitworth, who was a qualified juror, and that appellant would have accepted Whitworth as a juror. The trial court heard evidence in support of the motion for mistrial. Whitworth testified to the effect that he knew nothing of the facts of the case, knew of no reason why he had been subpoenaed, and knew of no reason why he would not have been a fair and impartial juror in the case. One of appellant's attorneys testified to the effect that defendant-appellant would have accepted Whitworth as a juror, that each party used their full six strikes, that there were no cross-strikes, that there were approximately 40 on the jury panel with none being disqualified, that the jury was selected from the first 24 names drawn out of the hat, and that Whitworth's name was not placed in the hat. Appellant's Bill of Exception No. 1, approved by the trial court, among other things, states that neither plaintiff nor plaintiff's counsel offered any reason or reasons why Whitworth had been subpoenaed by plaintiff.

However, there is no contention or showing made by appellant that any objectionable juror was accepted by appellant by reason of the subpoenaing of Whitworth by appellee and the trial court's consequent excusal of Whitworth from the jury panel on the court's own motion, and it does not appear that appellant was compelled to take any jurors that were not acceptable to it, nor that the jurors were partial or prejudiced, nor that appellant was prejudiced or harmed by the action of appellee's counsel in question, and the action of the trial court in excusing the prospective juror Whitworth. Furthermore, there is no contention made by appellant in this case that the jury's verdict was not supported by the evidence.

Among the cases cited by appellant in support of its first and second points is the case of Smith v. El Paso & N. E. Ry. Co., Tex.Civ.App., 67 S.W.2d 362, 366, err. dism. In this case the court stated:

"Allowing more peremptory challenges than defendants were entitled to exercise constitutes error, and is reversible error where, as here, appellant exhausted his challenges and, by reason of the number of challenges allowed and exercised by appellees, was required to accept on the jury former employees of the defendant railroad company, objectionable to plaintiff appellant, and which he desired to challenge. For that reason alone the case must necessarily be reversed."

The distinction between the Smith case and the case at bar is obvious. In the Smith case the appellant was compelled to accept on the jury objectionable jurors (former employees of the defendant railroad company), and in the case at bar appellant was not required to accept any objectionable juror.

■ As a rule a judgment will not be reversed for a trial court's error in allowing or refusing additional peremptory challenges unless the complaining party shows that he has suffered material injury by the court's action. He must show that an objectionable juror sat on the cause as a result of the court's action. Snow v. Starr, 75 Tex. 411, 12 S.W. 673; Wolf v. Perry-

man, 82 Tex. 112, 17 S.W. 772; Gusset v. Nueces County, Tex.Com.App., 235 S.W. 857, (opinion adopted by Tex.Sup.Ct.); Ralston v. Toomey, Tex.Civ.App., 246 S.W.2d 308, err. ref., n. r. e.

In Gusset v. Nueces County, supra, 235 S.W. 857, 861, .it was stated:

"It is well settled in Texas that each party to a civil suit in a district court shall be entitled to six peremptory challenges, and parties defendant asking judgment over against each other are within the rules. * * *

"Again, it is equally well settled that where the bill of exceptions fails to show that any objectionable juror was accepted by appellants by reason of the ruling of the court on peremptory challenges, but on the contrary shows that it did not appear to the court that plaintiffs were compelled to take any jurors that were not acceptable to them, nor that the jurors were partial or prejudiced, nor that plaintiffs were in any manner prejudiced or harmed by the ruling of the court, no reversible error is shown. In other words, even if the court had made error, it was the duty of attorneys for the county to show they had been prejudiced thereby. Otherwise, no reversal should follow."

In Ralston v. Toomey, supra, 246 S.W.2d 308, 310, it was stated:

"Although the appellants' motion for a new trial was timely filed, it made no reference to any prejudice or harm alleged to have been suffered by the appellants as a result of the court's action in granting the additional challenges. Nor did it contend that the appellants were deprived of or forced to take any particular person as a juror. The same is true of the appellants' bill of exception No. 1; it does not contain a suggestion of prejudice nor does it imply that any member of the jury was not entirely satisfactory to the appellants. * * *

"In our opinion the appellants have failed to show wherein they suffered any injury by reason of the court's action. No juror stated that he was prejudiced against the appellants; none testified that he was so blinded by the liquor question that he was not able to give the appellants a fair trial. The appellants have not complained that the jury's verdict was not supported by the evidence. For these reasons, we overrule the appellants' points of error, and we affirm the judgment of the trial court."

While the trial court did not make any specific findings as to whether error was presented by appellant's motion for mistrial he nevertheless overruled appellant's motion for mistrial as well as appellant's assignments of error in its amended motion for new trial raising the same matters presented in appellant's first and second points. From the rulings of the trial court on these matters it must be presumed that the trial court believed (1) that the allegations of the appellant's motion for mistrial were not proven to the satisfaction of the trial court or (2) that if satisfactorily proven, the error complained of was not deemed to constitute reversible error under Rule 434, Texas Rules of Civil Procedure, in the light of the record as a whole in the case at bar.

The evidence in this case amply supports the verdict of the jury. Appellee testified to an injury resulting from a fall, a former fellow-employee testified positively that he saw him fall, a prompt report of the injury was made to the employer, followed by medical treatment and hospitalization of appellee. Appellant paid 54 weeks compensation and furnished medical care for appellee to the extent of $463.55. Both the medical and lay testimony prepondered in favor of the verdict of the jury.

█ After carefully considering the record as a whole it is our opinion that the matters complained of in appellant's

first and second points were not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in the case and does not constitute reversible error under Rule 434, T.R.C.P. This is especially true in this case, as the record clearly shows that appellant was not compelled to take any objectionable jurors, that the jurors were fair and impartial, that a fair and just verdict was rendered, amply supported by the preponderance of the evidence, and that appellant has not attacked the sufficiency of the evidence nor made any complaint against any of the jurors who actually sat in the case. Appellant's first and second points are deemed as not presenting reversible error and are overruled.

■ The trial court did not err in prohibiting and refusing the admission of medical testimony asserting the beneficial effects of surgery upon a ruptured disc, inasmuch as under the record in this cause the insurer appellant did not admit liability to appellee, and no operation was tendered or requested in the proceedings before the Industrial Accident Board. Truck Insurance Exchange v. Seelbach, Tex., 339 S.W. 2d 521. Appellant's 3rd, 4th, 5th and 6th points are overruled.

■ Appellant by its 7th, 8th and 9th points complains of three jury arguments of appellee's counsel. One of these arguments was objected to by appellant, and such objections were overruled by the trial court. Appellant's objections to the other two arguments were sustained by the trial court and the jury was instructed by the trial court to not consider such arguments. We have carefully examined the arguments in question, and we are of the opinion that in the light of the record as a whole the arguments in question neither singly nor collectively would constitute reversible error under the record in this cause. Rules 434 and 503, T.R.C.P.; Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404; Whitener v. Traders & General Ins. Co., 155 Tex. 461, 289 S.W.2d 233; Walker v. Texas Employers Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298. Appellant's 7th, 8th, and 9th points are overruled.

Appellant's 10th point is as follows: "The trial court erred in entering judgment against Appellant in the amount of Eleven Thousand One Hundred Twenty-two and 36/100 ($11,122.36) Dollars since such sum exceeds by Forty-six and 63/100 ($46.63) Dollars the maximum amount of compensation justified by the jury's verdict." Our arithmetic agrees with that of appellant on this matter. The point is sustained and the judgment of the trial court is reduced by the sum of $46.63.

The judgment of the trial court as modified by reduction of the sum of $46.63 therefrom is affirmed.

Affirmed as modified.