**Paul STRICKLAND et al., Appellants,**

v.

**CITY OF FRIONA, Appellee.**

**No. 6617.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 24, 1956.

Rehearing Denied Oct. 29, 1956.

Cowsert & Bybee, Hereford, for appellants.

Monning & Monning, Amarillo, Bill Sheehan, Friona, for appellee.

NORTHCUTT, Justice.

This was a condemnation proceedings brought by the City of Friona as plaintiff against Paul Strickland and wife as defendants seeking to condemn a strip of land ten feet wide off of the north end of Lot 12, Block 11 of the original town of Friona, Parmer County, Texas.

On May 2, 1955, the city commissioners of the City of Friona passed a resolution showing it desired to have a certain street widened and agreeing to do certain things if the State Highway Department would provide widening pavement. On June 17, 1955, the Friona City Commissioners passed a resolution accepting the provisions contained in the minutes passed by the State Highway Commission on June 14, 1955. By this acceptance the City of Friona agreed to furnish all necessary right of way clear of obstruction and free of property damages and provided for the immediate construction of continuous curb and gutter, utility adjustments, storm sewers, etc. The city commission passed a resolution authorizing the mayor of the city to make any reasonable offer to Paul Strickland for an easement for the highway widening. On July 18, 1955, the mayor reported to the city commission that Paul Strickland refused the offer made but does not show what the offer was, and then the commission passed a resolution directing the city attorney to take necessary legal procedure to condemn Lot 12, Block 11 for highway purposes. On August 3, 1955, the county judge of Parmer County appointed three special commissioners to assess the damages occasioned by the condemnation to a strip of land ten feet wide off of the North end of Lot 12, Block 11, of the Original Town of Friona. The three commissioners appointed took the oath and set August 23, 1955, at 7 o'clock p. m. as the time for a hearing and the parties were notified of such hearing. The commissioners assess the damages at

$500. Paul Strickland and wife filed their exceptions and objections to the award of the commissioners, and the case was tried in the county court of Parmer County. Before the trial, the City of Friona filed its amended petition requesting the County Judge to name, designate and appoint three disinterested freeholders, citizens of Parmer County, Texas, as special commissioners to assess the value of said surface of said ten feet so sought. No commissioners were thereafter appointed to assess the value of said surface and neither were there any damages thereafter assessed.

The case was submitted to a jury upon three issues which issues and answers thereto were as follows:

"From a preponderance of the evidence, what do you find was the market value of the surface of the strip of land condemned by the City for highway purposes at the time it was condemned, considered as severed land?

"Answer in dollars and cents.

"Answer: 400.00

"From a preponderance of the evidence, what do you find was the market value of defendant's tract of land, exclusive of the strip of land condemned, immediately before the strip was taken for highway purposes.

"Answer in dollars and cents.

"Answer: 6000.00

"Excluding increase value, if any, and decrease in value, if any, by reason of benefits or injuries received by defendant in common with the community generally and not peculiar to them and connected with their ownership, use and enjoyment of the particular tract of land across which the strip of land has been condemned, and taking into consideration the uses to which the strip condemned is to be subjected, what do you find from the preponderance of the evidence was

the market value of the remainder of defendant's tract immediately the taking of the strip condemned for highway purposes?

"Answer in dollars and cents.

"Answer: 6000.00

"Foreman                    A. D. Smith
"/s/ Wilbur Charles    /s/ County Judge"

The defendants filed their objections to the court's charge which was overruled except as to one change and the defendants then requested the trial court to give certain requested special issues as follows:

"Question No. 1

"From a preponderance of the evidence what do you find is the market value of the strip of land condemned by the City of Friona for highway purposes at this time, considered as severed land. You are instructed that the term 'market value' is the price which the property would bring when it is offered for sale by one who desires, but is not obliged, to sell and is bought by one who is under no necessity to buy it.

"In determining the value of the strip of land you will not consider the value of the electric sign or the underground gasoline take which is on the strip of land.

"Answer In Dollars and Cents $———

"Question No. 2

"From a preponderance of the evidence, what do you find is the market value, as that term is hereinabove defined, of the remaining tract of land belonging to the Defendants, exclusive of the strip of land condemned at this time.

"Answer In Dollars and Cents $———

"Question No. 3

"From a preponderance of the evidence, what do you find will be the

market value, as that term is hereinabove defined, of the remainder of Defendants' land, exclusive of the strip of land condemned, at the time the City of Friona takes possession of the strip of land for highway purposes.

"In determining the value of the remainder of Defendants' land, exclusive of the strip of land condemned, you will not consider increase in value, if any, or decrease in value, if any, by reason of benefits to or injuries received by Defendants that are in common with the community generally and not peculiar to them and connected with their ownership, use and enjoyment of the remainder of said land, exclusive of the strip condemned, but you will take into consideration the uses to which the strip that is condemned is to be subjected to and also take into consideration the severance of the strip of land condemned. However, you will not consider any loss of value to the remaining tract, caused by the loss, if any, to it of the concrete on the strip of land condemned, nor the loss, if any, to it of the electric sign or the underground gasoline tank.

"Answer In Dollars and Cents $———

"Question No. 4

"From a preponderance of the evidence what do you find to be the cost of removing from the strip of land condemned, the electric sign and the underground gasoline tank.

"Answer In Dollars and Cents $———

"Question No. 5

"From the preponderance of the evidence what do you find to be the cost of resetting the electric sign, and the underground gasoline tank upon the remaining tract of land, so that the same will be in the same condition they are now in.

"Answer In Dollars and Cents $—:—"

Said requested special issues were refused by the court. Upon the verdict of the jury, the trial court rendered judgment that the City of Friona be awarded title to the surface of the ten feet in question for the purpose of constructing and maintaining a public street in and over said ten feet of land and that Paul Strickland and wife, Grace Opal Strickland, have and recover of and from the City of Friona the sum of $400. The defendants made and presented their motion for new trial but the same was overruled, and the defendants excepted and gave notice of appeal, and perfected this appeal. Hereafter defendants will be referred to as appellants and the plaintiff as appellee.

■ Appellants presented their first and second points together which are as follows:

### First Point.

The Trial Court erred in submitting to the Jury the special issues of determining the value of the surface of the strip of land sought to be condemned, for the reason the Appellee filed its original petition seeking to condemn the fee simple title to the strip of land and tried the same before the special Commissioners on the theory of taking the fee simple title to said land. (Par. X, Defendants Motion for New Trial) (Tr. 33)

### Second Point

The error of the Court in submitting to the jury the special issue of finding the value of the surface of the strip of land sought to be condemned for the reason the evidence show that the Appellee will have a complete taking of the strip of land, and that the Appellee would have complete possession and control over said strip of land, and the value should have been determined as to the fee simple title to said strip of land. (Par. X Defendants Motion for New Trial) (Tr. 33)

We think these points should be sustained. The nearest case in point that we have been able to find as to this particular question

is Brazos River Conservation and Reclamation District v. Adkisson, Tex.Civ. App., 173 S.W.2d 294, 301 in which a writ of error was refused. In quoting from another case United States v. Lynah, 188 U.S. 445, 23 S.Ct. 349, 47 L.Ed. 539 it was there stated:

> "'While the government does not directly proceed to appropriate the title, yet it takes away the use and value; when that is done, it is of little consequence in whom the fee may be vested.'"

There is no question but what the City of Friona intended to take full control over this ten feet and to construct a curb along the larger portion of the strip, separating it from the appellants' property by a curb. Appellants would have no control over the strip taken and would have no more use of it than all other persons would have the right to do. It was a complete taking and the admission of evidence based solely upon the taking of the surface was highly prejudicial to the right of appellants. We are also of the opinion that the case of Perkins v. State, Tex.Civ. App., 150 S.W.2d 157, writ of error dismissed, is also determinative of the issues here involved.

■ By appellants' third assignment they complain of the action of the court in permitting Joe Douglas to testify over the objections of appellants as to the benefits to be received by appellants in the construction of the highway because the evidence clearly showed that such benefits, if any, were common to the community in general and not special to defendant. It was the purpose of the appellee in showing by the testimony of Mr. Douglas that appellants would be benefited by the building of this highway as much or more than the value of the property taken. But, where the benefits are shown to be common with the whole community, this testimony is not admissible to show special benefits to appellants. City of Corsicana v. Marino, Tex.Civ.App., 282 S.W.2d 720.

■ By appellants fourth and fifth assignments of error they complain of the admissibility of the testimony of Mr. Faulks because he testified that he gave his land to the city and then because he was not qualified to testify as to the value of the property. This would probably go more to the weight of the evidence than to the admissibility. We are of the opinion, however, that such testimony is of no value and should be excluded upon another trial.

■ Appellants by their sixth assignment of error complain of the action of the court in overruling appellants' motion for a mis-trial based upon the failure of the court to administer an oath to the jury panel questioning their qualification as jurors. It is conceded that the jurymen had not been administered any oath before they were examined by the attorneys, and the first time this matter was called to the attention of the court was after the jury had been selected, empaneled and sworn to try the case and some evidence had been introduced, and at this point, appellants made their motion for a mis-trial which was overruled by the court. Of course, the jury should have had the oath administered to them before they were interrogated but this oversight was as much the fault of the attorneys as the trial judge. The jury that was selected was sworn to try the case. In the absence of some showing that the appellants were harmed by such failure to administer the oath, we cannot say that the error complained of amounted to such a denial of the rights of appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

■ By appellants remaining assignments of error they deal with the fact that the proper measure of damages were never submitted to or never considered by the jury. There was no issue submitted to the jury nor charge to the jury concerning the value of the land being taken and

to consider the damages to appellants as to any improvements on the property taken nor as to the removal and/or reconstruction of any improvements that were essential to the use and enjoyment of the remainder. We are of the opinion that the court erred in not so presenting the case to the jury. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 979.

For the reasons above stated the judgment of the trial court is reversed and the cause remanded.