Iona D. WISEMAN et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 14495.

Court of Civil Appeals of Texas.

San Antonio.

July 20, 1966.

Rehearing Denied Sept. 21, 1966.

Gray & Gardner, San Antonio, for appellants.

Waggoner Carr, Atty. Gen., Claude Hodges, Jr., Asst. Atty. Gen., Austin, for appellee.

BARROW, Justice.

This is an appeal from a judgment entered in a condemnation action wherein the State of Texas condemned an irregularly-shaped parcel of land containing about 180 square feet out of the front yard of appellants' residential property in San Antonio, for highway purposes.

The primary controversy in the trial court and on this appeal relates to the damage to appellants' remaining property. Three expert witnesses testified, two for appellants and one for the State, and gave the following opinions of value:

|  | Part Taken | Remainder Before | Remainder After |
|---|---|---|---|
| R. N. White, Jr. | $132.00 | $10,576.60 | $5,288.30 |
| Louis W. Lipscomb | 126.00 | 10,288.00 | 5,500.00 |
| Nelson Cory, Jr. | 100.00 | 9,800.00 | 9,200.00 |

The jury found that the value of the land taken was $130.00, the value of the remainder before the taking was $10,170.00, and after the taking it was $8,644.50. Judgment was entered on this verdict for $1,655.00, and appellants have perfected this appeal.

On May 11, 1965, which was stipulated to be the date the land was taken, appellants owned a city lot having a frontage of 49.8 feet, a depth of 128 feet, and being 47.93 feet wide at the rear. On this lot was a three-room house which faced north on Dunning Street, and an asphalt driveway which lead to a double garage was located just west of the house. Although the edge of the street pavement was about 23 feet from the front of the house, the property line was only about 8 to 10 feet north of the house.

This land was condemned for use in the construction of I.H. 10, and particularly in the construction of an interchange between I.H. 10 and I.H. 37 near the property. This project is a part of the National System of Interstate and Defense Highways in the State of Texas, and I.H. 10 is a controlled access highway with frontage roads to be built as a part of said highway with right of access. The nearest lane of the freeway is about 170 feet north of appellants' prop-

erty and the access road is 120 feet from the house. As a result of the interchange, Dunning Street would dead-end a short distance west of appellants' property. To alleviate the dead-end street, the State desired to construct a street connection between Dunning St. and Highland Blvd., which is one block south of Dunning. To do so, Dunning St. would curve to the south and cut across the northwest corner of appellants' front yard. Although only about 180 sq. ft. of appellants' property was required, the new right-of-way passed to within 15 to 18 inches of their living room.

■ Appellants' principal complaint on this appeal relates to the admission into evidence of several exhibits of the construction plans which had been let on this new street. In doing so, the State showed that the nearest edge of the new street would pass 20 ft. from appellants' residence, and that two approaches would be constructed into appellants' present driveway. This was very dramatically shown by an exhibit in which an overlay with the proposed plans was laid onto a plat of appellants' property. Appellants urge that the State was thereby permitted to diminish the damage by showing it did not intend to use all the strip taken for highway purposes. Appellants sought an instruction to the jury that it should presume the State would exercise to the fullest extent the rights it acquired.

This Court in Perkins v. State, 150 S.W. 2d 157, wr. dism., adopted with approval the following rule from 20 Corpus Juris 768, § 227: "The probability that the appropriator will not exercise, or the fact that there is no present intention of exercising, to the full extent the rights acquired, should not be considered in reduction of the damages, where there is nothing to prevent a full exercise of such rights, since the presumption is that the appropriator will exercise his rights and use and enjoy the property taken to the full extent." This rule has been consistently followed in this State. See Texas Power & Light Co. v. Cole, 158 Tex. 495, 313 S.W.2d 524 (1958);

Creighton v. State, Tex.Civ.App., 366 S.W. 2d 840, wr. ref. n. r. e.; Strickland v. City of Friona, Tex.Civ.App., 294 S.W.2d 254, wr. ref. n. r. e.; Hill v. State, Tex.Civ.App., 289 S.W.2d 801, no wr. hist.

The critical issue in this rule is: "What rights are acquired?" In Texas Power & Light Co. v. Cole, supra, the Supreme Court held that the trial court properly instructed the jury that the easement acquired was subordinate to condemnee's right to enter upon his land to remove sand and gravel after condemnor filed a supplemental petition and expressly reserved these rights to condemnee. In *Perkins,* supra, although the State had an absolute right under its easement to remove shrubbery from the right-of-way, the trial judge erroneously permitted a witness to testify that it was the State Highway Department's policy to leave such shrubbery undisturbed. In *Creighton,* supra, the court pointed out that although the State was taking a fee title to the land, the State was erroneously permitted to show that Creighton would be "permited" to use the right-of-way for construction of a fence and for passage of his cattle. This clearly was a privilege which might be revoked at the pleasure of State.

Here the original petition of State sought a fee simple title to the strip taken, reserving to appellants only the right of access. However, by trial amendment filed without objection prior to the beginning of the trial, State amplified this right of access and expressly reserved unto appellants the right of ingress and egress to and from the remainder, along that part taken by the State "at the northwest corner of the property." State asserts that by virtue of this limitation upon its fee simple title, it was proper to show that approaches would be constructed to connect with appellants' present driveway.

■ It is our opinion that the trial court did not err in admitting this testimony or in refusing the requested instruction. The physical facts demonstrate that with the house only 15 to 18 in. from the new right-

of-way line, reasonable access at the northwest corner of the property could only be had by the construction of approach driveways. The taking of the corner of the lot where the driveway to appellants' garage was located made demonstration of the access critical to the case. State's witness Cory testified that the State would substantially interfere with appellants' right of access if it subsequently attempted to pave up to the right-of-way line. Neither of appellants' witnesses denied this fact, but both testified in effect that access would be hazardous because of the curve, even if the proposed approaches were constructed. Since access at this particular corner was reserved unto appellants, it was proper to show that reasonable access could be had by appellants. In view of this express restriction on State's title, any subsequent interference with appellants' right of reasonable access at this corner would result in a cause of action for appellants. State v. Meyer, 403 S.W.2d 366 (Tex.1966); DuPuy v. City of Waco, 396 S.W.2d 103 (Tex.1965). The evidence complained of by appellants was not in conflict with the rights acquired by the State, in view of the limitation in State's title set forth in the trial amendment.

■ Appellants assert also that the verdict of the jury is grossly inadequate and there is no evidence, or, in any event, insufficient evidence to support same. It is seen that the verdict is within the range of the expert testimony. See Maddox v. Gulf, Colorado & Santa Fe Ry. Co., Tex.Civ.App., 293 S.W.2d 499, wr. ref. n. r. e. Under the testimony of State's witness Cory the damages to the remainder amounted to $600.00 as compared to the $1,525.50 found by the jury. His valuation, which was based in part upon the sale of a piece of property after a comparable partial taking, was admitted without objection. On the other hand, appellants' expert witnesses found the damages to the remainder to be approximately $5,000.00. This conflict in the testimony was fully developed during the trial and was resolved by the jury in their verdict. The verdict of the jury is fully supported by the evidence.

Although the trial amendment of the State expressly reserved unto appellants right of access at the northwest corner of the subject property and the full development of the evidence under this reservation, the judgment of the trial court provides only that "the right of ingress and egress to or from the remaining property of appellants abutting on said highway is not to be denied." In view of the restriction made upon State's title by their trial amendment, the judgment is reformed to provide further that "the ingress and egress to and from the remaining property shall be permitted at the northwest corner of said property."

The judgment is reformed and as reformed is here affirmed. Costs are taxed one-half to appellants and one-half to appellee.