Elijah White RATCLIFF, Appellant,

v.

E. Ivan BRUCE et al., Appellees.

No. 10.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 17, 1968.

Rehearing Denied Feb. 7, 1968.

Elijah White Ratcliff, Livingston, for appellant.

V. W. McLeod, McLeod, Alexander, Powel & Apffel, Galveston, Crawford C. Martin, Atty. Gen., George M. Cowden, A. J. Carubbi, Jr., J. C. Davis, John H. Banks, Asst. Attys. Gen., Austin, for appellees.

TUNKS, Chief Justice.

On September 3, 1964, the plaintiff in the trial court, appellant here, was admitted to John Sealy Hospital in Galveston, Texas, where he was examined and given psychiatric treatment until November 20, 1964. Plaintiff was admitted to the hospital on the authority of the defendant, Dr. E. Ivan Bruce. Plaintiff alleged that he was confined and treated without his consent and sought recovery of compensatory and exemplary damages. The defendants, appellees here, are Dr. Truman Blocker, Jr., Executive Director and Dean of the University of Texas Medical Branch in Galveston, Texas, and Dr. E. Ivan Bruce, professor of psychiatry at the University of Texas Medical Branch in Galveston. The plaintiff, a licensed attorney, represented himself in the trial court and represents himself on appeal.

The trial court granted a motion for summary judgment in favor of the defendant, Dr. Truman Blocker, Jr. The jury found that on the occasion in question, the plaintiff was not confined to the hospital without his consent and the trial court rendered judgment on the verdict for the defendant, Dr. E. Ivan Bruce.

Plaintiff has appealed. The points of error upon which this appeal is based, are, briefly stated: (1) the court erred in granting the motion for summary judgment in behalf of the defendant, Blocker; (2) the court erred in overruling the plaintiff's challenge of a juror for cause; (3) the court erred in admitting, over plaintiff's objection, evidence offered by the defendant, Bruce, and in excluding, on defendant's objection, evidence offered by the plaintiff; (4) the court in refusing to permit plaintiff to file a trial amendment.

It is to be noted that no point of error challenges the sufficiency of the evidence to support the jury's findings that the plaintiff was not confined without his consent.

■ Neither Dr. Blocker's motion for summary judgment, the affidavits in support thereof nor the plaintiff's answer, if any, thereto, are included in the transcript. We therefore, obviously, cannot say that the trial court erred in granting the motion. However, the evidence shown in the statement of facts conclusively shows that Dr. Blocker, personally, did not have anything to do with the plaintiff's admission to the hospital nor with his treatment while he was there. The titles of the two defendants would indicate that Dr. Blocker was authorized to exercise some supervision over Dr. Bruce, but the plaintiff was a private patient of Dr. Bruce and there isn't even any suggestion in the record that Dr. Blocker had any supervision, whatever, over such activity of the professor. The evidence showed that Dr. Bruce had the privilege of accepting and treating private patients.

■ Even if it could be inferred that Dr. Blocker had some supervisory authority over the acceptance and treatment of patients by professors associated with the medical school and under his supervision, he was a state official and, as such, the

doctrine of respondeat superior was not generally applicable so as to make him liable for the wrongful conduct, if any, of Dr. Bruce. State v. Morgan (Tex.Com.App.), 140 Tex. 620, 170 S.W.2d 652; Tumlinson v. City of Brownsville, Tex.Civ.App., 178 S.W.2d 546, err. ref.; Clough v. Worsham, 32 Tex.Civ.App. 187, 74 S.W. 350, err. ref.

The appellant's point of error that the trial court erred in rendering summary judgment for the appellee, Dr. Blocker, is overruled.

On voir dire examination of the jury panel by plaintiff, a member of the panel, Mrs. McDanald, said that her husband was a doctor. The following questions and answers were then made:

"Question: Do you think you could evaluate the conduct of a physician with his patient objectively in spite of the fact you are the wife of a physician?

"Answer: If you mean would I try to be a good juror, I would have to say 'Yes.'

"Question: In other words, do you believe that you would be successful in giving an honest verdict?

"Answer: I would try to be honest.

"Question: Thank you."

At the conclusion of the voir dire examination of the panel, the plaintiff proceeded to exercise his peremptory challenges by placing an "x" mark beside the names of eight jury panelists and turned in his jury list to the clerk in accordance with Rule 234, Texas Rules of Civil Procedure. He was, of course, entitled to only six peremptory challenges. The clerk reproduced on the jury list the names of the first twelve jurors who had not been challenged, ignoring the plaintiff's challenge to Mrs. McDanald which, reading from the top of the list, was plaintiff's seventh peremptory

challenge. Thereupon, the jury was sworn and seated in the jury box and those members of the panel not chosen were excused. It was then that, for the first time, plaintiff announced to the court that he challenged Mrs. McDanald, as a juror, for cause. The court overruled the challenge.

We hold that the trial court did not err in overruling plaintiff's challenge for cause. Nothing in the record shows any disqualification per se of the juror. Article 2134, Sec. 4, Vernon's Ann.Texas Civ.St., provides that any person who has a biased or prejudiced opinion in favor of or against either of the parties to a lawsuit is disqualified to serve as a juror. Bias or prejudice is an intangible factor. Naturally, situations may arise under which a factual finding, on the basis of such intangibles, must be made as to whether the prospective juror, is, in fact, biased or prejudiced. Under those circumstances the trial court must make that fact finding. His overruling of a challenge for cause to the prospective jurors carries with it an implied finding that there exists no such bias or prejudice as to constitute a disqualification. That fact finding will not be disturbed in the absence of an abuse of discretion. Swap Shop v. Fortune (Tex. Sup.Ct.), 365 S.W.2d 151; Allbright v. Smith (Tex.Com.App.), 5 S.W.2d 970; Bashrum v. Vinson, Tex.Civ.App., 330 S. W.2d 538, writ ref., n. r. e.

We are further of the opinion that the plaintiff's challenge for cause was not timely under the circumstances of this case. He was not entitled to stand by until he learned the result of the defendant's exercise of his peremptory challenges before he challenged a juror for cause, or otherwise.

Appellant's third point of error is in the following language:

"The jury was prejudiced by the inconceivably flagrant abuse of the court's discretion in allowing it to consider cer-

tain inadmissible evidence offered by appellee and refusing to admit other evidence which was relevant offered by appellant."

This point obviously does not meet the requirements of Rule 418, T.R.C.P., in that it fails to direct the attention of the Court to any particular error relied upon. We have, however, considered each of the rulings of the trial judge in those instances where he ruled adversely to the plaintiff on the admission or exclusion of evidence. There is no reversible error in any of those rulings.

■ Plaintiff's second amended original petition, on which he went to trial, alleged that he was confined in the hospital and treated without his consent. It did not allege that the defendants, nor either of them, were guilty of any negligence which was a proximate cause of any injury to him. After both parties had rested, but before the charge was read to the jury, the plaintiff asked leave of court to file his third amended original petition. In that tendered pleading, he, for the first time, alleged, in general terms, that the defedant, Dr. Bruce had been negligent in administering treatment to him and that such negligence was a proximate cause of injury to him. The trial court denied leave to file the tendered pleading. The appellant complains by point of error. We overrule.

The only psychiatrist to testify in this case was the defendant, Dr. Bruce. He testified that the treatments given the plaintiff were in accordance with the procedures accepted by that school of practice of medical science as proper procedures in the treatment of the condition in which the plaintiff was. Dr. Bruce also testified that the treatments which he gave the plaintiff did not cause the plaintiff to suffer the loss of memory of which he was complaining. There was no testimony by any witness of the same school of practice as the defendant to the effect either that the defendant had used an improper method of treatment or that the treatment used was

the cause of injury to the plaintiff. No evidence raising an issue of negligence or of proximate cause appears in the record. Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1. The trial court, therefore, did not err in refusing to permit plaintiff to file his trial amendment. Kensinger v. McDavid, Tex.Civ.App., 380 S.W.2d 54, no writ history; Martin v. Shell Oil Co., Tex.Civ.App., 262 S.W.2d 564, no writ history.

This record reflects that the trial judge considerately and patiently extended to the plaintiff, representing himself, every opportunity to fully develop his case.

His opposing counsel, an able and experienced trial lawyer, carefully refrained from any overreaching or otherwise taking advantage of the situation. He went no farther than was necessary to protect the interests of his client. The record shows that the plaintiff had a fair trial and no reversible error was committed.

The judgment of the trial court is affirmed.